On Rehearing
Plaintiff and defendant have both filed applications requesting rehearings.
In the application for rehearing counsel for defendant directs attention to an erroneous statement made in our opinion in which we said that in each of these cases more than ten days had elapsed between the service of citation on the defendant and the filing of answer by the defendant and that for this reason, as well as for other reasons given, no suspensive appeal should be granted.
It is true that in the other seven cases more than ten days had elapsed, but in this one case the answer was filed on the 10th day after service of citation. However, our refusal to order the granting of a suspen-sive appeal did not depend on this reason, but was based on other reasons which were applicable in this as well as in the other cases.
*102 In the petition for rehearing filed by the plaintiff corporation it is said that if Acts 705 and 706 of 1954 do not abolish suspen-sive appeals in expropriation cases, then it must be presumed “that the State Legislature frittered away its time by enacting meaningless legislation.” We are unable to disagree with this statement. However, as stated in our original opinion, we are unable to find any distinction between the provisions of these two statutes, Acts 705 and 706 of 1954, and the provisions of Article 2634 of the LSA-Civil Code. And since, as stated in our original opinion, it seems to have been well settled that, as the codal article 2634 originally was, and as article 2636 was and still is, suspensive appeals in certain cases were allowed, we do not find that any result has been accomplished by the enactment of the two statutes in question.
Both applications are refused.
Rehearings refused.